IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED** CH

AUG 2 8 2008
AUG 28 2008

| | | |
|---|---|---|
| United States of America ex rel.<br>DENNIS MORLAND #B-60073<br><br>        Petitioner,<br><br>v.<br><br>TERRY L. McCANN, Warden<br><br>        Respondent, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 08cv4925<br><br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>08cv4925<br>JUDGE DARRAH<br>MAGISTRATE JUDGE SCHENKIER |

### NOTICE OF FILING

**PLEASE TAKE NOTICE** that on AUGUST 22, 2008, I have caused to be filed the requisite number of copies and original of my **pro se PETITION FOR WRIT OF HABEAS CORPUS, 28 U.S.C. §2254** with Michael W. Dobbins, Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois 60604, a copy of which is hereby being served upon you.

Respectfully submitted,

*Dennis Morland*
Dennis Morland, **pro se**
Register No. B-60073
Stateville Correctional Ctr.
Post Office Box 112
Joliet, Illinois 60434-0112

### CERTIFICATE OF SERVICE

I, DENNIS MORLAND, do hereby certify that I have caused to be forwarded to the party-listed above the requisite number of documents and original to be properly filed in this cause, by placing same in the U.S. Mail through the mailroom situated at the Stateville Correctional Center, proper postage affixed at State's expense August 22, 2008.

*Dennis Morland*
Dennis Morland, affiant

### AFFIANT

I, DENNIS MORLAND, do hereby affirm under the penalties of perjury that the foregoing document is true and correct to the best of my knowledge and belief.

*Dennis Morland*
Dennis Morland, affiant

**RECEIVED**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUG 2 8 2008 Law
AUG 28 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States of America ex rel. )
DENNIS MORLAND   B-60073 )
_____ )
(Full name and prison number) )
(Include name under which convicted) )
)
PETITIONER )      CASE NO:_____
)                (Supplied by Clerk of this Court)
vs. )
)
TERRY L. MCCANN )
_____ )
(Warden, Superintendent, or authorized )
person having custody of petitioner) )
)
RESPONDENT, and )
)
**(Fill in the following blank only if judgment** )
**attacked imposes a sentence to commence** )
**in the future)** )
)
ATTORNEY GENERAL OF THE STATE OF )      Case Number of State Court Conviction:
)
_____ )           94 CR 11306-01
(State where judgment entered) )

**PETITION FOR WRIT OF HABEAS CORPUS -- PERSON IN STATE CUSTODY**

1. Name and location of court where conviction entered: Circuit Court of Cook County
   Sixth Municipal District, Markham, IL

2. Date of judgment of conviction: September 29, 1994

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
   First Degree Murder, Armed Robbery, Aggravated Sexual Assault, Aggravated Kidnapping

4. Sentence(s) imposed: CT. 1 Murder - 60 YRS., Aggravated Sexual Assault [1]
   CT. 8 - 30 yrs. consec. to Ct. 1, 15 yrs. CT. 21
   Aggravated Kidnapping concur. w/murder; CT. 7 Robbery
   30 yrs. consec. w/murder.

5. What was your plea? (Check one)   (A) Not guilty    (X)
                                     (B) Guilty        ( )
                                     (C) Nolo contendere ( )

   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:
   N/A

_____
1] This conviction and sentence was vacated on direct appeal

**PART I – TRIAL AND DIRECT REVIEW**

1. Kind of trial: (Check one):   Jury (X)   Judge only ( )

2. Did you testify at trial?   YES ( )   NO (X)

3. Did you appeal from the conviction or the sentence imposed? YES (X) NO ( )

   (A) If you appealed, give the

   (1) Name of court: Illinois Appellate Court, First District in People v. Morland, 292 Ill.App.3d 616, 686 N.E.2d 597 -- 1997 -- on direct appeal

   (2) Result: Conviction affirmed, Modified on Rehearing

   (3) Date of ruling: June 4, 1997 and November 12, 1997

   (4) Issues raised: SEE PAGE 2(a)

   (B) If you did not appeal, explain briefly why not:

4. Did you appeal, or seek leave to appeal, to the highest state court?   YES (X)   NO ( )

   (A) If yes, give the People v. Morland, No. 85584 (M9502)

   (1) Result: Petition for Leave to Appeal denied

   (2) Date of ruling: October 6, 1998

   (3) Issues raised: Same as 3(a)(4) SEE PAGE 2(a)

   (B) If no, why not: N/A

5. Did you petition the United States Supreme Court for a writ of *certiorari*?   Yes ( )   No (X)

   If yes, give (A) date of petition: _____   (B) date *certiorari* was denied: _____

ISSUES RAISED ON DIRECT APPEAL

1. Whether Dennis Morland's Conviction For Aggravated Criminal Sexual Assault Must Be Reversed Because The Prosecution Failed To Prove Beyond A Reasonable Doubt That Any Conduct Constituting An Element Of The Offense Occurred In Illinois Rather Than Indiana.

2. Whether Dennis Morland's Conviction For Armed Robbery Must Be Reversed Because The Prosecution Failed To Prove Beyond A Reasonable Doubt That Any Conduct Constituting An Element Of The Offense Occurred In Illinois Rather Than Indiana.

3. Whether Dennis Morland's Conviction For Aggravated Kidnapping Must Be Reversed Because The Underlying Conduct Supporting This Conviction, That Is, Asportation And Secret Confinement Of The Decedent To Illinois, Was Incidental To The Murder Conviction And Cannot Sustain An Independent Conviction For Aggravating Kidnapping.

4. Whether The Vacatur Of Two, Possibly Three, Significant Convictions Requires Remandment For A New Sentencing Hearing On The Murder Conviction Where The Sentences Imposed On These Convictions Were Quite Severe And Where The Record Reflects That The Sentencing Court Was Unduly Influenced By The Underlying Conduct Purportedly Comprising The Vacated Offenses.

2(a)

**PART II – COLLATERAL PROCEEDINGS**

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (XXX) NO ( )   Initial and successive post-conviction petition in
                       People v. Morland, No. 94 CR 11306-01
   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: Circuit Court of Cook County, Sixth Municipal District Markham Division

   B. Date of filing: September 30, 1997

   C. Issues raised: SEE PAGE 3(a)

   D. Did you receive an evidentiary hearing on your petition?   YES ( ) NO (X)

   E. What was the court's ruling?   Summarily Dismissed within 8 days of filing

   F. Date of court's ruling: October 8, 1997

   G. Did you appeal from the ruling on your petition?   YES (X) NO ( )
      People v. Morland, No. 1-97-4144
   H. (a) If yes, (1) what was the result? Finley motion granted (Rule 23 Order)

      (2) date of decision: November 12, 1998

      (b) If no, explain briefly why not: N/A

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

      YES ( ) NO (X)

      (a) If yes, (1) what was the result?   N/A

          (2) date of decision:   N/A

      (b) If no, explain briefly why not: Petitioner Morland did not file a Petition For Leave To Appeal in the Illinois Supreme Court because the then he complied with recent Seventh Circuit, Court of Appeals decision in Boerckel v. O'Sullivan, 135 F.3d 1194, which held that petitioner's failure to seek discretionary review of claims raised in habeas petition WAS NOT failure to exhaust remedies. Whereas, petitioner followed the directions in this case and did not file a Petition for Leave to Appeal his initial post-conviction denial.

3

## ISSUES RAISED IN INITIAL POST-CONVICTION PETITION

1. Petitioner Was Denied His Sixth And Fourteenth Amendment Right To Effective Assistance Of Counsel On Direct Appeal As Guaranteed By Both The U.S. Constitution And The Constitution Of The State Of Illinois.*
   (SEE. MEMORANDUM IN SUPPORT)

2. Petitioner Was Denied His Sixth Amendment Right To Effective Assistance Of Trial Counsel As Guaranteed By The U.S. Constitution And Article I, Section 2 Of The Illinois Constitution.
   (SEE. MEMORANDUM IN SUPPORT)

3. The Trial Court Abused Its Discretion In Failing To Grant Petitioner's Motion To Dismiss Indictment In Accordance To §109-3.1(b) Violating His Due Process Rights And Denying Petitioner Fundamental Fairness As Guaranteed By The U.S. Constitution And Illinois Constitution.
   (SEE. MEMORANDUM IN SUPPORT)

4. Petitioner Contends That The Trial Court Abused Its Discretion In Failing To Properly Instruct The Jury Regarding The Substantive Admissibility Of State's Witness Anthony Smith's Prior Inconsistent Statement Violated Petitioner's Due Process Right To A Fair Trial As Guaranteed By The Sixth And Fourteenth Amendment Of The U.S. Constitution And Article I, Sections 2 And 8 Of The Illinois Constitution.
   (SEE. MEMORANDUM IN SUPPORT)

---

*] Even though petitioner Morland sent a letter to the Clerk emphasizing that the prison was on lockdown and he did not have access to the law library making the preparation of the Memorandum In Support of his petition troublesome to prepare, That the memorandum was forthcoming. The Court denied the petition within a matter of days.

3(a)

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES (x)   NO ( )

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1. Nature of proceeding: Successive Petition for Post-Conviction Relief

        2. Date petition filed: July 1, 2002

        3. Ruling on the petition: Dismissed Without Evidentiary Hearing

        4. Date of ruling: September 20, 2005

        5. If you appealed, what was the ruling on appeal? Affirmed the Circuit Court's Dismissal of Post-Conviction Relief

        6. Date of ruling on appeal: October 26/29, 2007 Modified Order on Rehearing

        7. If there was a further appeal, what was the ruling? People v. Morland, No. 105793 Petition For Leave To Appeal - Illinois Sup. Ct.

        8. Date of ruling on appeal: December 26, 2007

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?   YES (x)   NO ( )

    A. If yes, give name of court, case title and case number: Dennis Moreland v. DeWayne Clark No. 1-98-cv-07192 Honorable Rebecca R. Pallmeyer

    B. Did the court rule on your petition? If so, state

        (1) Ruling: Dismissed Without Prejudice

        (2) Date: May 21, 1999

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?   YES ( )   NO (X)

    If yes, explain: _____

## PART III – PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one
Supporting facts (tell your story briefly without citing cases or law):

PETITIONER MORLAND CONTENDS THAT THE ARMED ROBBERY CONVICTION VIOLATED HIS DUE PROCESS RIGHTS AS GUARANTEED BY THE 14TH AMENDMENT OF THE U.S CONSTITUTION, IN THAT THE ARMED ROBBERY STATUTE EXPLICITLY EXEMPTS THE TAKING OF AN MOTOR VEHICLE FROM THE DEFINITION OF ARMED ROBBERY. THAT HE WAS IMPROPERLY CONVICTED OF AN OFFENSE THAT DID NOT EXIST. THE PROSECUTION DID NOT PRESENT ONE IOTA OF EVIDENCE SHOWING THAT PETITIONER MORLAND EVER HAD CONTROL OR POSSESSION OF THE MOTOR VEHICLE.

(B) Ground two
Supporting facts:

PETITIONER CONTENDS THAT BOTH OF HIS APPELLATE COUNSELS WERE INEFFECTIVE IN FAILING TO PROPERLY RAISE AND ARGUE CERTAIN MERITORIOUS ISSUES ON DIRECT AND POST-CONVICTION APPEALS, VIOLATING HIS SIXTH AND FOURTEENTH AMENDMENTS AS GUARANTEED BY THE U.S. CONSTITUTION AND ARTICLE I, SECTION 2 AND 8 OF THE ILLINOIS CONSTITUTION. THAT PETITIONER MORLAND HAS ALLEGED APPELLATE COUNSEL ON DIRECT REVIEW WAS INEFFECTIVE FOR FAILING TO RAISE THAT THE STATE FAILED TO PROVE HIM GUILTY OF MURDER UNDER THE THEORY OF ACCOUNTABILITY AND OTHER VIABLE ISSUES, AND BOTH POST-CONVICTION APPELLATE COUNSELS WERE INEFFECTIVE FOR FAILING TO RAISE MERITORIOUS ISSUES ON APPEAL.

5                                    Revised: 7/20/05

(C) Ground three  
Supporting facts:

PETITIONER MORLAND CONTENDS THAT HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL PRIOR TO AND DURING THE TRIAL BY FAILING TO PROPERLY ARGUE AND PRESENT SUBSTANTIAL EVIDENCE TO SHOW THAT PETITIONER HAD NOT RECEIVED A PRELIMINARY HEARING OR INDICTMENT BY GRAND JURY WITHIN A 30 DAY PERIOD AS PROSCRIBED BY GERSTEIN V. PUGH, AND FAILED TO REQUEST AN ACCOMPLICE INSTRUCTION WERE SOME OF THE MERITORIOUS ISSUES ALLEGED BY PETITIONER, SHOWING THAT HIS TRIAL COUNSEL VIOLATED HIS SIXTH AMENDMENT RIGHT OF THE U.S. CONSTITUTION AND ARTICLE I, SECTION 2 OF THE ILLINOIS CONSTITUTION.

(D) Ground four  
Supporting facts:

PETITIONER MORLAND CONTENDS THAT HIS SENTENCE OF A TOTAL OF 135 YEARS IMPRISONMENT IS TOO EXCESSIVE, THE CONSECUTIVE SENTENCING VIOLATES HIS EIGHTH AMENDMENT RIGHT AGAINST CRUEL AND UNUSUAL PUNISHMENT. THUS, A BLATANT APPRENDI VIOLATION.

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

   YES (X)  NO ( )

3. If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

   N/A

ISSUE FIVE        PETITONER MORLAND CONTENDS THAT THE AGGRAVATED
                  KIDNAPPING CONVICTION IS INVALID. THAT THE PROSE-
                  CUTION FAILED TO SHOW THAT ASPORTATION AND
                  CONFINEMENT OF THE DECEDENT TO ILLINOIS WAS
                  INCIDENTAL TO THE MURDER CONVICTION VIOLATING
                  HIS FOURTEENTH AMENDMENT RIGHT AS GUARANTEED
                  BY THE U.S. CONSTITUTION.

ISSUE SIX         THAT PETITIONER MORLAND'S CONVICTION FOR ARMED
                  ROBBERY MUST BE VACATED BECAUSE THE PROSECUTION
                  FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT
                  ANY CONDUCT CONSTITUTING AN ELEMENT OF THE
                  OFFENSE OCCURRED IN THE STATE OF ILLINOIS
                  RATHER THAN THE STATE OF INDIANA VIOLATING HIS
                  FOURTEENTH AMENDMENT RIGHT AS GUARANTEED BY THE
                  U.S. CONSTITUTION,

ISSUE SEVEN       WHETHER THE VACATUR OF TWO, POSSIBLY THREE,
                  SIGNIFICANT CONVICTIONS REQUIRES A NEW SENTENCING
                  HEARING ON THE MURDER CONVICTION WHERE THE SEN-
                  TENCES IMPOSED ON THESE CONVICTIONS WERE QUITE
                  SEVERE AND WHERE THE RECORD REFLECTS THAT THE
                  SENTENCING COURT WAS UNDULY INFLUENCED BY THE
                  UNDER-LYING CONDUCT PURPORTEDLY COMPROMISING
                  THE VACATED OFFENSES IN VIOLATION OF HIS FOUR-
                  TEENTH AND EIGHTH AMENDMENT RIGHTS AS GUARANTEED
                  BY THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS
                  2 AND 8 OF THE ILLINOIS CONSTITUTION.

**PART IV – REPRESENTATION**

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing __Vincent Lufrano, Asst. Public Defender of Cook Co.__

(B) At arraignment and plea __same as above__

(C) At trial __Richard Dickerson, attorney__

(D) At sentencing __same as above__

(E) On appeal __Manuel Serritos, Asst. Appellate Defender__

(F) In any post-conviction proceeding __successive petition - Lynn Flanagan-Wilson__, APD

(G) Other (state): __post-conviction appellate counsel, Pamela Rubeo, AAD__

**PART V – FUTURE SENTENCE**

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (XX)

Name and location of the court which imposed the sentence: __N/A__

Date and length of sentence to be served in the future __N/A__

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: __8-22-08__
(Date)

_____
Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

__Dennis Morland__
(Signature of petitioner)   Dennis Morland
                             B-60073

(I.D. Number)   Stateville Correctional Center
                Post Office Box 112
(Address)       Joliet, Illinois 60434-0112